IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anders Tronsen,   Case No. 3:08CV148

    Plaintiff

v.   ORDER

Toledo-Lucas County Public Library,

    Defendant

This is a *pro se* civil rights suit. Plaintiff was barred for six months from the defendant Toledo-Lucas County Public Library after an unsolicited comment to a female patron about nudity offended the patron, who reported the incident to the Library staff.

Plaintiff's motion for a temporary restraining order was denied.

In the meantime, plaintiff has filed several motions.

Plaintiff shall be directed to file his opposition to the defendant's motion for summary judgment by May 15, 2008. Failure to do so shall result in entry of an order granting that motion with prejudice. Defendant's reply shall be filed on or before June 1, 2008.

Proceedings relating to plaintiff's motion for injunctive relief shall be held in abeyance pending adjudication of defendant's motion for summary judgment.

The parties shall file no further pleadings, except as allowed herein, or as allowed on prior motion for leave to file and approval thereof, pending adjudication of defendant's motion for summary judgment. If that motion is granted, all other pending matters would become moot. If that motion is denied, a status/scheduling conference shall be held to schedule further proceedings in this case.

1. Plaintiff's motion for appointment of counsel. [Doc. 17].

Plaintiff wants to have counsel appointed.

I decline to assign counsel for the plaintiff, who has no right to appointment of counsel in civil cases.

2. Plaintiff's motion to review a decision of the Lucas County, Ohio, Court of Common Pleas [Doc. 14]; Plaintiff's motion for federal reconsideration [Doc. 22].

In 2005, plaintiff's library privileges were previously suspended for conduct that the Library authorities considered inappropriate. Plaintiff sued the Library in the Lucas County, Ohio, Court of Common Pleas. He lost.

In these motions plaintiff asks me to review that decision and determine its lawfulness.

Federal courts do not sit in appeal of state court judgments. If plaintiff was unhappy with the outcome of his case, he should have appealed it to the appropriate state court of appeals.

I have no jurisdiction or authority to do what plaintiff asks. His motions shall be denied.

3. Plaintiff's motion to reconsider Order of February 26, 2008 [Doc. 12].

There being no perceptible error in the Order plaintiff wants me to reconsider, and plaintiff having made no legally cognizable argument that there was any such error, this motion shall be denied.

To the extent that plaintiff seeks, *via* this motion, to have me withdraw from this case, his contentions are, as the defendant's response points out [Doc. 13], wholly insufficient for that purpose.

4.Plaintiff's motion to suppress/sever judicial functions [Doc. 26].

In this motion, plaintiff asks that his e-mail address not be disclosed publicly during these proceedings. To the extent that that has already occurred, his motion is untimely, and shall be denied.

Plaintiff and the defendant are, however, requested to heed his request in all further pleadings.

5. Plaintiff's motion for restraining order or injunction [Doc. 15].

This pleading appears duplicative in its purpose to plaintiff's presently pending motion for injunction. It shall, accordingly, be denied.

6. Defendant's motion for extension of time to respond to pending motions [Doc. 16].

Defendant's request for an extension of time shall be overruled as moot, as this order deals with all pending motions by either ruling on them or holding rulings in abeyance.

7. Defendant's motion to strike plaintiff's brief [Doc. 11].

Defendant seeks to have plaintiff's brief in support of his motion for preliminary injunction stricken.

The brief, though untimely, shall be allowed to remain on file.

Further proceedings as to the motion for injunctive relief shall be held in abeyance pending adjudication of defendant's motion for summary judgment. Defendant, in other words, need not presently file a response to plaintiff's brief.

In light of the foregoing, it is hereby

ORDERED THAT:

1. Plaintiff's motions numbered 12, 14, 15, 17, 22 and 26 be, and the same hereby are denied;

2. Defendant's motion to strike [Doc. 11] be, and the same hereby is denied;

3. Plaintiff shall file his opposition to defendant's motion for summary judgment by May 15, 2008; defendant's reply to be filed by June 1, 2008; and

4. Further proceedings as to all other matters held in abeyance pending adjudication of defendant's motion for summary judgment; no pleadings shall be filed by either party without express prior leave of court allowing such filing; any pleading submitted for filing without prior court approval shall, pending further court order, not be accepted for filing. So ordered.

s/James G. Carr  
James G. Carr  
Chief Judge