IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anders Tronsen,　　　　　　　　　　　　　　　　Case No. 3:08CV148

　　　　　　Plaintiff

　　v.　　　　　　　　　　　　　　　　　　　　　ORDER

Toledo-Lucas County Public Library,

　　　　　　Defendant

　　　　The Toledo-Lucas County Public Library suspended the plaintiff's library privileges for six months commencing December 20, 2007. Plaintiff filed this suit, alleging that his First Amendment rights had been violated in that: 1) the conduct giving rise to the suspension was protected under the First Amendment; 2) the library policy pursuant to which he has been suspended violates the First Amendment; and 3) denial of access to the library violates the First Amendment.

　　　　Pending is the defendant's motion for summary judgment. For the reasons that follow, it shall be granted.[1]

---

[1] Plaintiff has filed various motions. His motion for leave to proceed *in forma pauperis* [Doc. 3] shall be granted. His motions for leave to file an affidavit [Doc. 39] and for leave to file a restatement of the case [Doc. 35] shall be granted. In view of my ruling on the defendant's motion for summary judgment, plaintiff's motion for leave to amend his complaint [Doc. 30], for leave to refile for a

**Background**

On December 10, 2007, the plaintiff was at the library's main branch in downtown Toledo, Ohio. He was using one of the public computer terminal provided for patrons' use. A female patron was at a nearby computer terminal. She was not acquainted with the plaintiff.

On his own volition, the plaintiff wrote and handed a note to the woman. The note stated that, if she "weren't involved with someone, would she email him at a nudity site." [Doc. 4].

Frightened by the plaintiff and his note, the female patron notified the defendant's security personnel about the plaintiff's conduct.

The library has adopted "Eviction Procedures & Guidelines," which incorporate a Code of Conduct. [Doc. 4, Exh. 3]. Among other provisions, the Code requires library patrons to "behave in a socially acceptable manner," and prohibits "[e]ngaging in any act, which clearly disrupts or prevents the normal and intended use of the public library by any other patrons or staff." [*Id.*, ¶ 13].

From the female patron's description, library security personnel recognized the plaintiff as the person who had disrupted and disturbed her.

On December 19, 2007, the plaintiff was again at the main branch of the library; security personnel questioned him about the December 10th incident. The plaintiff admitted that he handed the female patron the note in question.

---

temporary restraining order [Doc. 34] and motion for summary judgment [Doc. 40] shall be denied.

On December 20, 2007, the library gave written notice to the plaintiff that his conduct violated the Code of Conduct and his library privileges were suspended for six months. The plaintiff did not invoke the library's administrative appeal process.[2]

Plaintiff filed his *pro se* complaint in this Court on January 17, 2008. Following a hearing, his motion for a temporary restraining order was denied on the basis, *inter alia*, that he had not shown a substantial likelihood of success.[3]

**Discussion**

There is no merit to any of plaintiff's First Amendment contentions.

It is clear from the record that the plaintiff disrupted the female patron's right to quiet enjoyment of her time and activity in the library. Approaching another patron and handing her a note that she found to be offensive is not protected speech under the First Amendment. *See Madrid v. Lopez* 1997 WL 102508, *1 (N.D.Cal.) ("restrictions on talking and other disruptive behavior in a library are fundamentally reasonable").

Plaintiff seems to believe that because he found what he did appropriate, the offended patron should not have found it offensive. That's not a suitable standard. What matters is whether the person whose tranquility the plaintiff disturbed reasonably found his conduct unwelcome and

---

[2] This was not the first time that the library has suspended the plaintiff's privileges. After being found to have harassed other patrons, the defendant had his privileges suspended on an earlier occasion. He then filed a suit in the Lucas County, Ohio, Court of Common Pleas challenging that suspension. That court dismissed the subsequent lawsuit.

[3] Plaintiff thereafter filed a "writ of prejudice" [Doc. 6]. I deemed that motion to be for recusal and denied it. [Doc. 8].

disruptive of her use of the library's facilities. Here she did, and her reaction is entirely understandable and reasonable.

More generally, a library code of conduct "which prohibits disruptive behavior in a public library is at least conceptually inoffensive to the First Amendment." *Brinkmeier v. City of Freeport* 1993 WL 248201, *5 (N.D.Ill.). Thus, as the Third Circuit noted in *Kreimer v. Bureau of Police for the Town of Morristown*, 958 F.2d 1242 (3d Cir.1992), "[p]rohibiting disruptive behavior is perhaps the clearest and most direct way to achieve maximum Library use."

Like the court in *Kreimer*, I find the defendant's Code of Conduct in general, and particularly ¶ 13, with its prohibition against "[e]ngaging in any act, which clearly disrupts or prevents the normal and intended use of the public library by any other patrons or staff," to be "fundamentally reasonable." 958 F.2d at 1263. Certainly, there is nothing constitutionally offensive on its face about ¶ 13.

Plaintiff's suspension for six months and the consequent curtailment of access to the library's resources had First Amendment consequences. But the right of public access to information is not without limits. *Id.* at 1255. Indeed, by its very nature, as a sanctuary for inquiry, study, learning and contemplation, a library is a not an unlimited public forum. *U.S. v. American Library Association, Inc.*, 539 U.S. 194, 206 n.3 (2003).

Plaintiff disregarded reasonable limits on his ability to disrupt another patron's use and enjoyment of the library. The library's rules of conduct are reasonable on their face. There was nothing unreasonable about their application to the plaintiff, in view of his importunate conduct. The curtailment of his First Amendment right of access to the library and its resources did not offend the Constitution.

**Conclusion**

For the foregoing reasons, it is hereby

ORDERED THAT:

1. Plaintiff's motions for leave to proceed *in forma pauperis* [Doc. 3], file an affidavit [Doc. 39] and file a restatement of the case [Doc. 35] be, and the same hereby are granted;

2. Defendant's motion for summary judgment [Doc. 9] be, and the same hereby is granted; and

3. Plaintiff's motions for leave to amend his complaint [Doc. 30] and refile for a temporary restraining order [Doc. 34] and for summary judgment [Doc. 40] be, and the same hereby are denied.

4. The Clerk shall enter judgment accordingly dismissing plaintiff's complaint with prejudice.

5. Further, the Court certifies, pursuant to 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith and should not be allowed without prepayment of the requisite appellate filing fee.

So ordered.

                                                  s/James G. Carr
                                                  James G. Carr
                                                  Chief Judge